# STATE OF VERMONT

SUPERIOR COURT
ENVIRONMENTAL DIVISION
Docket Nos. 169-12-16 Vtec
50-6-16 Vtec

---

Diverging Diamond Interchange A250
Diverging Diamond Interchange SW Permit

---

## ENTRY REGARDING MOTION

Act 250 District Commission Decision (169-12-16 Vtec)
Stormwater Permit Decision (50-6-16 Vtec)

| | |
|---|---|
| Title: | Motion to Exclude Expert Report |
| Filer: | R.L. Vallee, Inc. |
| Attorney: | Alexander J. LaRosa |
| Filed Date: | January 19, 2018 |

Response filed on 02/05/2018 by Attorney Mark G. Hall for Intervenor Costco Wholesale Corp.
    Opposition

**The motion is DENIED.**

In these coordinated appeals, R.L. Vallee, Inc. (Vallee) moves to exclude a memorandum produced by Costco Wholesale Corporation's (Costco's) consultant, along with any expert testimony relating to that memorandum, on relevancy grounds.

The Vermont Rules of Evidence apply to matters before the Environmental Division. V.R.E.C.P. 2(e).[1] Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401. Relevant evidence is generally admissible. V.R.E. 402.

The memorandum at issue is dated December 8, 2017, and is authored by Jeremy Matosky, P.E. of Trudell Consulting Engineers. The memorandum offers an assessment, with a focus on stormwater impacts, of a portion of the project that is the subject of the two permits on appeal.

Stormwater impacts are at issue in both matters. The memorandum and related expert testimony is therefore generally relevant to the matters before the Court.

Furthermore, because our merits hearings are bench trials, we are generally liberal in allowing relevant evidence to be admitted. The Van Sicklen Ltd. P'ship, No. 4C1013R-EB, slip op. at 1 (Vt. Env. Bd. Sep. 28, 2001). Unlike a jury, we are unlikely to be "unduly swayed by a questionable evidentiary offering." Id. Once relevant evidence is admitted, we afford it the

---

[1] The V.R.E.C. P. allow the Environmental Division to relax evidentiary rules in appropriate circumstances. See, V.R.E.C.P. 2(e).

weight it deserves, if any.  Id.; In re Application of Lathrop Ltd. P'ship I, 2015 VT 49, ¶ 90, 199 Vt. 19.

For these reasons, the motion to exclude is **DENIED**.


So ordered.

**Electronically signed on February 08, 2018 at 10:39 AM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


<u>Notifications</u>:
Jon T. Anderson (ERN 1856), Alexander J. LaRosa (ERN 5814), Attorneys for Appellant R.L. Vallee, Inc.
Peter J. Gill (ERN 4158), Attorney for Natural Resources Board
David L. Grayck (ERN 4510), Attorney for Additional Appellant Timberlake Associates, LLP
Justin E. Kolber (ERN 4303), John K. Dunleavy (ERN 1949), Jenny Ronis (ERN 9185), Attorneys for Interested Person SOV AOT
Hannah W. Smith (ERN 6759), Kane H. Smart (ERN 4770), Attorneys for Interested Person Agency of Natural Resources
Elena M. Mihaly (ERN 8101), Attorney for Intervenor Conservation Law Foundation
Mark G. Hall (ERN 2537), Attorney for Intervenor Costco Wholesale Corp.